**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| LABORERS INTERNATIONAL UNION OF NORTH AMERICA, LOCAL NO. 579,<br><br>Plaintiff,<br><br>v.<br><br>HERNER CONSTRUCTION, INC.,<br>Registered Agent:<br>Christopher L. Herner<br>810 North 22nd Street<br>St. Joseph, MO 64501<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 5:23-cv-06070 |

**COMPLAINT**

COMES NOW Plaintiff Laborers International Union of North America, Local No. 579 (hereinafter "Plaintiff" or the "Union"), by and through its counsel, and for its cause of action against the Defendant, Herner Construction, Inc., (hereinafter "Defendant" or "Herner"), hereby alleges and states as follows:

**NATURE OF CASE**

1. This is an action for breach of a collective bargaining agreement brought pursuant to Section 301 of the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185.

**PARTIES**

2. Plaintiff Union is a "labor organization representing employees in an industry affecting commerce" within the meaning of §§ 2 and 301(a) of the LMRA, 29 U.S.C. §§ 152 and 185(a); and maintains its principal office at 1203 N 6th Street, St. Joseph, MO 64501. The Union is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 185(b).

3. Defendant Herner is organized and incorporated under the laws of the State of Missouri with its principal place of business located at 810 North 22nd Street, St. Joseph, Missouri 64501, and is an employer engaged in an industry affecting commerce within the meaning of Section 501 of the Labor-Management Relations Act, as amended, 29 U.S.C. § 152.

## JURISDICTION AND VENUE

4. Jurisdiction and venue are proper in this Court pursuant to Section 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c) and 28 U.S.C. §§ 1331 and 1337.

## GENERAL ALLEGATIONS

5. The Union and Herner are, and at all relevant times have been, signatory parties to a collective bargaining agreement (hereinafter the "CBA"). The CBA governs the terms and conditions of employment of all employees of Herner performing work covered by such agreement. The CBA has been in effect at all times material to this action.

6. Attached hereto as **Exhibit A** is a true and correct copy of the current CBA in effect between Plaintiff and Herner.

7. Among other duties imposed upon Herner under the CBA, Herner is required to pay wages to its covered employees according to the wage rates specified in the CBA.

8. The CBA also contains a subcontracting clause, which requires Herner to make adequate provision in Herner's contracts with subcontractors for the subcontractors to either be or become signatories to the CBA with the Union, and to recognize, abide by, and be bound by all of the terms and provisions of the CBA.

9. On information and belief, Herner subcontracted work covered by the CBA at the project known as the Pivotal Point Project during the months of October and November 2022 to

Woody's Walls and Waterproofing, LLC, an employer who is not currently a signatory to the CBA between Herner and the Union, in direct breach of the CBA's subcontracting clause.

10. On information and belief, Herner subcontracted work covered by the CBA at the project known as the Pivotal Point Project during the months of February and March 2023 to D. Nigh Construction, an employer who is not currently a signatory to the CBA between Herner and the Union, in direct breach of the CBA's subcontracting clause.

11. On information and belief, Herner subcontracted work covered by the CBA at the project known as the Andrew County Museum Project during the month of April 2023 to Talbot Construction LLC, an employer who is not currently a signatory to the CBA between Herner and the Union, in direct breach of the CBA's subcontracting clause.

12. Herner's breaches of the CBA have resulted in, and continue to cause, substantial damage to the Union and the employees it represents. These damages include, but are not limited to, wages, benefits, and supplemental dues withholdings that would have been paid had Herner subcontracted the work at the Pivotal Point and Andrew County Museum Projects to a subcontractor who was a signatory to the CBA between the Union and Herner, or had Herner self-performed such work.

**COUNT I: BREACH OF COLLECTIVE BARGAINING AGREEMENT**

13. Plaintiff restates and incorporates the allegations contained in Paragraphs 1 through 12 as if fully set forth herein.

14. Herner breached the CBA by subcontracting at least 360 hours of concrete wall work at the Pivotal Point Project to Woody's Walls and Waterproofing, LLC, an employer who is not a signatory to the CBA. As a result of the breach, members of the Union who would have

otherwise worked on the project were denied their contractual right to do so, and lost wages and fringe benefits in the amount of at least $15,933.60.

15. Herner breached the CBA by subcontracting at least 40 hours of hod carrying work at the Pivotal Point Project to D. Nigh Construction, an employer who is not a signatory to the CBA. As a result of the breach, members of the Union who would have otherwise worked on the project were denied their contractual right to do so, and lost wages and fringe benefits in the amount of at least $1,770.40.

16. Herner breached the CBA by subcontracting at least 264 hours of covered work at the Andrew County Museum Project to Talbot Construction LLC, an employer who is not a signatory to the CBA. As a result of the breach, members of the Union who would have otherwise worked on the project were denied their contractual right to do so, and lost wages and fringe benefits in the amount of at least $11,684.64.

**COUNT II: BREACH OF SETTLEMENT AGREEMENT**

17. Plaintiff restates and incorporates the allegations contained in Paragraphs 1 through 16 as if fully set forth herein.

18. Herner previously violated the subcontracting clause of the CBA by improperly subcontracting work to K&M Concrete Construction LLC ("K&M"), an employer not signatory to the CBA.

19. In order to resolve Herner's violation of the CBA due to its improper subcontracting to K&M, Herner entered into a settlement agreement with the Union (the "Resolution"), which was fully executed on January 7, 2020. A true and correct copy of the Resolution is attached as **Exhibit B** to this Complaint.

20. Pursuant to the Resolution, Herner agreed to make a reduced payment of $8,738.60 to the Union in order to resolve its subcontracting violation, with the remainder of the amount owed to be held in abeyance with the understanding that Herner would refrain from violating the subcontracting clause going forward. Herner further agreed that, in the event it violated the subcontracting clause in the future, Herner would owe the amount of $20,000.00 as an agreed upon amount representing wages, dues, and fringe benefits held in abeyance resulting from its improper subcontracting to K&M.

21. Pursuant to the Resolution, Herner also agreed to pay the wages, dues, and fringe benefit contributions owed for any future subcontracting violations, along with the Local's cost and attorneys' fees associated with pursuing such violations and filing suit.

WHEREFORE, Plaintiff prays for an Order and Judgment of the Court:

(1) Finding that Herner has breached the CBA by subcontracting work to non-signatory subcontractors;

(2) Finding that Herner is liable in the amount of at least $29,388.64 for the wages, fringe benefit contributions, and supplemental dues withholdings that have been lost as a result of Herner's violations of the subcontracting clause on the Pivotal Point Project and Andrew County Museum Project;

(3) Ordering that an audit be conducted of Herner in order to determine the scope of its breaches of the CBA;

(4) Finding that Herner breached its Resolution with the Union covering Herner's previous breach of the CBA;

(5) Finding that Herner is liable in the amount of at least $20,000.00 for its breach of the Resolution and the CBA;

(6) Assessing against Herner Plaintiff's costs, expenses, and reasonable attorneys' fees incurred in filing and prosecuting this action; and

(7) Granting Plaintiff such other and further relief as the Court finds is just and proper.

Dated: June 8, 2023

Respectfully submitted,

**BLAKE & UHLIG, P.A.**

/s/ *Quinlan B. Moll*
Jason R. McClitis (MO Bar No. 61611)
Quinlan B. Moll (MO Bar No. 72940)
BLAKE & UHLIG, P.A.
6803 West 64th St., Suite 300
Overland Park, KS 66202
Phone: (913) 321-8884
Fax: (913) 321-2396
jrm@blake-uhlig.com
qbm@blake-uhlig.com

Blake & Uhlig, P.A.
2500 Holmes
Kansas City, MO 64108

**ATTORNEYS FOR PLAINTIFF**